332-1304/MF
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
Hapag-Lloyd, A.G.
549 Summit Ave
Jersey City, NJ 07306-2701
(973) 623-5514/ fax (973) 623-3813
Michael Fernandez
fernandez@freehill.com

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

HAPAG-LLOYD A.G.,

                Plaintiff,

- against-

GLOBAL TERMINAL AND CONTAINER SERVICES,

                Defendant.

**COMPLAINT**

Plaintiff, HAPAG-LLOYD A.G., ("HAPAG"), by its attorneys, Freehill Hogan & Mahar, LLP, as and for its Complaint against GLOBAL TERMINAL AND CONTAINER SERVICES ("GLOBAL"), alleges on information and belief as follows:

**JURISDICTION**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, as this matter arises out of claims relating to ocean bills of lading concerning the import or export of cargo into our out of the United States, and is governed by federal statutes and common law related thereto. Jurisdiction is predicated upon 28 U.S.C. §1333 and §1367.

424631.1

2. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the value of the amount in controversy exceeds $75,000, exclusive of costs and interest, and there is complete diversity of citizenship among the parties.

## PARTIES

3. At all material times, HAPAG was and is a business domiciled overseas with an office and principle place of business located at Ballindamm 25, D-20095, Hamburg, Germany, and acted at all times relevant as a common carrier of goods by water for hire.

4. At all material times, defendant, GLOBAL was and is a corporation located in New Jersey, and at all relevant times owned, operated, leased or controlled a marine terminal located at 302 Port Jersey Blvd, Jersey City, NJ 07305, and was and is still doing business within the jurisdiction of this Honorable Court.

## RELEVANT FACTS

5. In mid October, 2012, the New York/New Jersey region was aware that a severe weather system known as Super Storm or Hurricane Sandy (hereinafter "Hurricane Sandy") was travelling up the Each Coast of the USA.

6. On or about October 29, 2012, Hurricane Sandy made landfall in New Jersey resulting in flooding and high winds in waterfront locations of New York/New Jersey including the marine terminal owned, operated and/or controlled by GLOBAL.

7. As a result, various containerized and other cargoes located at GLOBAL became damaged, lost or destroyed due to wetting, wind, and other natural and direct consequences of Hurricane Sandy ("Sandy Claims"). A list of all such Sandy Claims arising from, related to or in

connection with vessels owned/operated by HAPAG and/or bills of lading issued by HAPAG is attached hereto as Schedule A.

8. Various third party claimants (hereinafter "Cargo Interests") have asserted claims against HAPAG and/or its agents for loss/damage arising from, related to or in connection with the Sandy Claims and HAPAG remains in the process of settling or otherwise defending those matters.

9. HAPAG and GLOBAL are parties to a Stevedoring and Terminal Services Agreement ("Agreement") dated July 1, 2007. Pursuant to clause 26(g) of the Agreement, HAPAG duly provided GLOBAL with notice of the Sandy Claims within 24 months from October 29, 2012 when Hurricane Sandy made landfall. However, GLOBAL has refused to acknowledge that such notice serves to extend HAPAG's time to seek recovery against GLOBAL for the Sandy Claims thus compelling HAPAG to file this Complaint.

10. With regard to any Cargo Interest, this Complaint is made strictly without prejudice to or waiver of the applicability and enforceability of any and all jurisdictional provision(s) contained in the applicable bill(s) of lading, booking note(s) tariff or otherwise; all said jurisdictional defenses and other defenses being expressly reserved.

## FIRST CAUSE OF ACTION

11. HAPAG repeats and re-alleges each and every paragraph above as if fully set forth herein.

12. Any loss, damage or shortage with regard to the Sandy Claims, which is denied, was not caused by any act or omission of HAPAG, but rather resulted from and was caused by the acts, omissions, fault, negligence, lack of care, breach of contract (express or implied),

3

breach of warranty or other wrongful act(s) on the part of GLOBAL or its respective agents, servants or representatives.

13. Therefore, if HAPAG is liable to Cargo Interests for the Sandy Claims, whether by judgment or settlement, which is denied, then HAPAG is entitled to indemnity and/or contribution from GLOBAL including but not limited to recovery of attorney's fees and costs incurred by HAPAG in defending against claims asserted by Cargo Interests as well as fees and costs incurred in prosecuting the Sandy Claims against GLOBAL.

## SECOND CAUSE OF ACTION

14. HAPAG repeats and re-alleges each and every paragraph above as if fully set forth herein.

15. Any loss, damage or shortage with regard to the Sandy Claims, which is denied, was not caused by any act or omission of HAPAG, but rather resulted from and was caused by the failure of GLOBAL or its respective agents, servants or representatives to satisfy its/their responsibilities, obligations and duties as a bailee or warehouseman of the referenced cargo.

16. Therefore, if HAPAG is liable to Cargo Interests, whether by judgment or settlement, which is denied, then HAPAG is entitled to indemnity and/or contribution from GLOBAL including but not limited to recovery of attorney's fees and costs incurred by HAPAG in defending against claims asserted by Cargo Interests as well as fees and costs incurred in prosecuting the Sandy Claims against GLOBAL.

## PRAYER FOR RELIEF

WHEREFORE, while denying any liability for damages to Cargo Interests with regard to the Sandy Claims, if HAPAG should be held liable to Cargo Interests, HAPAG prays the Court

enter a judgment in its favor against defendant GLOBAL, together with an award of costs, costs of suit, interest and reasonable attorney's fees, and for such other relief as the Court deems just and proper.

Dated: New York, N.Y.
October 29, 2014

> Respectfully submitted,
>
> By: *[signature]*
> Michael Fernandez
> FREEHILL, HOGAN & MAHAR, LLP
> *Attorneys for Plaintiff Hapag-Lloyd A.G.*
> 549 Summit Ave
> Jersey City, NJ 07306-2701
> (973) 623-5514/ fax (973) 623-3813
> fernandez@freehill.com

# SCHEDULE A

## HAPAG LLOYD HURRICANE SANDY CASES - GLOBAL TERMINAL

| VESSEL | SUBJECT | CLAIM $ | TERMINAL | STATUS |
|---|---|---|---|---|
| SEOUL EXPRESS | Seoul Express<br>B/L: Issued by slot charterer<br>Container: Unknown<br>Incident date: 10/29/ 2012 | $37,249.90 | Global Terminal-Inbound | Allianz v. Seoul Express (SDNY 13 CV 7568)<br>Attorney Messner Reeves LLP |
| ROTTERDAM EXPRESS V. 76E39 | Rotterdam Express<br>Voyage: 76E39<br>B/L: HLCUHOU121049810<br>Container: GATU4136524, TTNU4863409 and HLXU50213630<br>Incident date: Post Sandy<br>POL:  New York  11O/6/2012<br>POD: Antwerp     11/19/2012 | TBA | Global Terminal - Outbound | **TIME BARRED AS OF 2/17/2014** |
| ROTTERDAM EXPRESS V. 76E39 | Rotterdam Express<br>Voyage: 76E39<br>B/L: HLCUHOU121049408<br>Container: CLHU3848933<br>Incident date: Post Sandy<br>POL:  New York  11/6/2012<br>POD: Antwerp     11/19/2012 | TBA | Global Terminal - Outbound | **TIME BARRED AS OF  2/17/2014** |
| OOCL NETHERLANDS - (HL) | OOCL Netherlands<br>Voyage: 32E44<br>B/L:  HLCUCHI121084385<br>Containers: TGHU4412214, HLXU4436205<br>Incident date: Post Sandy | $658,242.00 | Global Terminal - Outbound | **TIME BARRED AS OF 2/17/2014** |
| ROTTERDAM EXPRESS V. 76E39 | Rotterdam Express<br>Voyage: 76E39<br>B/L: HLCUHOU121036118<br>Container: HLXU4467485<br>Incident date: Post Sandy<br>POL:  New York  11/6/2012<br>POD: Antwerp     11/19/2012 | TBA | Global Terminal - Outbound | **TIME BARRED as of 2/17/2014** |
| KOBE EXPRESS - V. 72E37 -<br>*(HL VESSEL)* | Kobe Express<br>Voyage: 72E37<br>B/L: HLCUNGO120800998<br>Container: HLXU4162830, HLXU5011592 and CLHU4407634<br>Incident date:10/29/ 2012 | $344,545.34 | Global Terminal - Inbound | Suit time extension granted until 1/28/2015 |

424430.1

October 23, 2014

| VESSEL | SUBJECT | CLAIM $ | TERMINAL | STATUS |
|---|---|---|---|---|
| SEOUL EXPRESS | Seoul Express<br>Voyage: 03W41<br>B/L: OOLU3061927129<br>Container: OOLU8843626, OOLU8579133, OOLU8370117 and OOLU8554686<br>Incident date: 10/29/2012 | $271,881.07 | Global Terminal - Inbound | Settled by OOCL Amount Unknown OOCL has commenced arbitration v. HL in London |
| NYK Romulus | NYK Romulus<br>Voyage: 15W44<br>Booking: 14873434<br>Container: FCIU3322696, HLXU3044107, FSCU3702490 & CPSU1011888 | $75,000 | Global Terminal | Settled $5,500<br>HL share $2,750<br>Global share $2,750 |

424430.1

October 23, 2014